# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FREDERICK F. SZYMANSKI,
        Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
        Agency.

DOCKET NUMBER
DC-0831-18-0795-I-1

DATE: May 7, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Frederick F. Szymanski, Miami, Florida, pro se.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

In a reconsideration decision, the Office of Personnel Management (OPM) denied the appellant's request to elect a survivor benefit election annuity under the Civil Service Retirement System.  Initial Appeal File (IAF), Tab 7 at 8-9. The appellant appealed OPM's decision to the Board.  IAF, Tab 1.  He did not request a hearing.  *Id.*

The administrative judge scheduled a close of record conference for December 5, 2018, and sent notification of the conference date to the appellant at the Miami, Florida address that he provided in his initial appeal.  IAF, Tab 5.  On December 3, 2018, the administrative judge rescheduled the close of record conference for December 10, 2018,[2] and served the notice regarding that change on the appellant at the same address.  IAF, Tab 8.  The appellant did not appear for the December 10, 2018 telephonic close of record conference, and on the same date, the administrative judge sent the appellant an order to show cause, ordering him to submit, by December 21, 2018, evidence demonstrating good cause for his failure to appear.  IAF, Tab 9.  The appellant did not respond to the order, and on January 29, 2019, the administrative judge dismissed the appeal for failure to prosecute.  IAF, Tab 10, Initial Decision (ID).

In his timely filed petition for review, the appellant states that he was aware that the close of record conference was scheduled for December 5, 2018. Petition for Review (PFR) File, Tab 1 at 2.  He states that, at the time of the scheduled conference on December 5, 2018, he called the number provided by the administrative judge for the conference, and, when there was no answer, he called the Board regional office number and left a voicemail message.  *Id.*  He states that, on December 20, 2018, he received the notice that the close of record conference had been rescheduled from December 5 to December 10, 2018.  *Id.* The appellant explains that the notice was mailed from Virginia on December 3,

---

[2] The conference had to be rescheduled from December 5, 2018, because President Trump issued a proclamation closing executive departments and agencies of the Federal Government on December 5, 2018, in honor of President George H. W. Bush.

2018, to a service located in Miami, Florida that forwards U.S. mail to individuals, such as the appellant, who live in Panama, and was in turn mailed to him in Panama on December 12, 2018. *Id*. He states that he received it on December 20, 2018. *Id*. The appellant states that, on December 20, 2018, he called the regional office, spoke with a staff member, explained the situation, agreed that mailing was not working out for him, and asked if he could be contacted via email instead. *Id*. He states that the staff member transferred his call to the administrative judge's office, and he left a message on the administrative judge's voice mail about the situation. According to the appellant, he received the December 10, 2018 show cause order in Panama on January 10, 2019, but he did not call the Board due to the Government shutdown. *Id*. The appellant also submits a timely supplement to his petition for review that restates the chronology of events, and it has been placed into the record. PFR File, Tabs 5-6. The agency has responded in opposition to the petition. PFR File, Tab 4.

## ANALYSIS

The severe sanction of dismissal with prejudice for failure to prosecute an appeal should not be imposed when a pro se appellant has made incomplete responses to the Board's orders but has not exhibited bad faith or evidenced any intent to abandon his appeal, and appears to be confused by Board procedures. *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000). Further, failure to obey a single order does not ordinarily justify dismissal for failure to prosecute. *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007); *Chandler*, 87 M.S.P.R. 369, ¶ 6. Nevertheless, absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding the imposition of sanctions, including the sanction of dismissal with prejudice. *See Holland v. Department of Labor*, 108 M.S.P.R. 599, ¶ 9 (2008); *Heckman*, 106 M.S.P.R. 210, ¶ 15.

The appellant consistently has been clear that he lives in Panama, and before his retirement in 1998, worked as a Panama Canal employee. IAF, Tab 1 at 1, 3, 7, 9. The Board has recognized that mail delays to Panama are common. *Bocanegra v. Office of Personnel Management*, 52 M.S.P.R. 114, 116-17 (1992) (recognizing that there are mail delays in postal service between the United States and Panama). Because of that, apparently it is not uncommon for individuals living there to use a service based in the United States that forwards mail to them. *See* https://www.liveandinvestoverseas.com/in-focus-panama/experts-guide-postal-services-panama/ (last visited on May 6, 2024). That is apparently what the appellant does.

Based on the above, we find that the appellant's explanation in his petition for review of the reasons for his late receipt of the administrative judge's orders is credible, as is his detailed explanation of his attempts to comply with the order scheduling the close of record conference for December 5, 2018, and to explain to the administrative judge the reason for his failure to comply with the order rescheduling the conference for December 10, 2018. His recounting of his fruitless attempts to join the close of record conference that had been scheduled for December 5, 2018, is corroborated by the fact that, as the administrative judge stated in his notice rescheduling the conference, the Federal government was closed on December 5, 2018. The phone numbers that the appellant states that he called were the correct phone numbers provided to join the conference call and to reach the regional office.

Although the appellant did not comply with the administrative judge's December 3, 2018, Order Rescheduling the Close of Record Conference, or the administrative judge's Order to Show Cause, under the circumstances of this case, his actions did not exhibit bad faith or evidence an intent to abandon his appeal.

We therefore find that, here, the extreme sanction of dismissal for failure to prosecute, which denied the appellant an opportunity for review of his appeal on the merits, does not serve the ends of justice. *See Holland*, 108 M.S.P.R. 599,

¶¶ 10, 12 (finding that the extreme sanction of dismissal for failure to prosecute did not serve the ends of justice where there was no evidence of bad faith or an intent to abandon the appeal); *Tully v. Department of Justice*, 95 M.S.P.R. 481, ¶¶ 12 (2004) (vacating an administrative judge's dismissal for failure to prosecute because the sanction was too severe, although the pro se appellant had twice failed to file prehearing submissions and to appear for prehearing conferences).

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this remand order.

*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.